## S00A1496. COLLINS v. THE STATE.
(538 SE2d 34)

THOMPSON, Justice.

Derrick Levert Collins was convicted by a jury of malice murder, felony murder, and possession of a firearm during the commission of a crime.[1] On appeal he challenges the sufficiency of the evidence and asserts that he was denied effective assistance of trial counsel. Finding no error, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that after receiving information that narcotics were being sold from Collins' residence, investigators conducted a controlled purchase of cocaine from that location. The information was used to obtain a warrant to search the premises. Upon further surveillance, an officer observed Collins, co-defendant Lekendrick Passmore, and another man leave the apartment and drive away in Passmore's car. The officer approached the car and obtained Passmore's consent to search it. A loaded .9 mm handgun belonging to Passmore was found in the glove compartment. The men were escorted back to Collins' residence where the search warrant was executed. Only trace

---

[5] See OCGA § 23-3-66; *Addison v. Reece*, 263 Ga. 631 (436 SE2d 663) (1993).

[1] The crimes occurred on October 11, 1996. An indictment was returned on November 19, 1996, charging Collins with malice murder, felony murder while in the commission of an aggravated assault, and possession of a firearm during the commission of a crime. Trial commenced on January 6, 1997, and on January 8, 1997, a jury returned its verdict of guilty as to all counts. On the same day, Collins was sentenced to life imprisonment for malice murder and five consecutive years for the weapon possession. A motion for new trial was filed on January 21, 1997, and denied on April 30, 1999. Collins' notice of appeal was filed on May 12, 1999. The case was docketed in this Court on May 24, 2000, and was submitted for a decision on briefs on July 17, 2000.

amounts of crack cocaine were found; no arrests were made; and Passmore's gun was returned to him after it was emptied of ammunition. During the search Collins became extremely agitated, insisting that the officers disclose the name of the person who had provided information for the warrant.

Later that night, Collins and Passmore went to a nightclub where Collins heard rumors that his former girlfriend, Rita Lewis, had informed the police about his drug activities. Lewis was also at the nightclub at that time. In the early morning hours, Lewis returned to her home, accompanied by several friends, including the victim, James Jackson. Shortly thereafter, Collins telephoned Lewis and asked if she had reported him to the police; she replied that she had not, whereupon Collins hung up the phone. Twenty minutes later, there were repeated knocks on Lewis' door. Then five or six gunshots were fired through Lewis' bedroom window, two of which struck and killed Jackson. The murder weapon was shown to be a .9 mm semi-automatic pistol.

Collins gave two conflicting statements to the police. Initially, he denied having been at Lewis' home that night. After waiving his *Miranda* rights, he revealed that he had accompanied Passmore to Lewis' apartment and had knocked on the door while Passmore fired his .9 mm pistol into the apartment. He explained that the motive for the shooting was the belief that Lewis had supplied the information which formed the basis for the search warrant.

1. Although circumstantial, the evidence was sufficient for a rational trier of fact to have found Collins guilty beyond a reasonable doubt of the crimes of murder and possession of a weapon, or as a party to those crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Norris v. State*, 220 Ga. App. 87, 89 (2) (469 SE2d 214) (1996) ("companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred").

2. Collins claims he was denied effective assistance of trial counsel due to counsel's failure to object or request a mistrial when the State impermissibly placed his character in evidence by describing him as a drug dealer.

In explaining the events leading up to the search of Collins' residence, a narcotics investigator testified that Collins and others were suspected of using the apartment to sell drugs. This evidence, even though it may have placed Collins' character into evidence, was admissible because it established motive, i.e., that the shooting was actuated by Collins' desire to strike back at his former girlfriend for reporting him to the police. *Spear v. State*, 270 Ga. 628 (513 SE2d 489) (1999); *Hartman v. State*, 266 Ga. 613 (469 SE2d 163) (1996); *Whitener v. State*, 261 Ga. 567 (407 SE2d 735) (1991); *Johnson v.*

*State*, 260 Ga. 457 (396 SE2d 888) (1990). Thus, any objection would have been fruitless.

As for the claim that trial counsel failed to adequately investigate the case, counsel's testimony at the hearing on the motion for new trial belies that contention. Counsel testified that he met with Collins on several occasions; that they discussed everything "material and relevant" to the case; that he thoroughly advised Collins concerning the benefits and disadvantages of testifying in his own defense; and that he discussed trial strategy with counsel for co-defendant Passmore. Collins has not demonstrated that his counsel's performance was deficient under the standard set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 23, 2000.

*Jeffrey S. Brown*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.