S05A0401. GAY v. THE STATE.

(611 SE2d 31)

THOMPSON, Justice.

Charles "Metro" Gay was convicted of malice murder in connection with the shooting death of Shakela Jones.[1] On appeal, Gay

---

[1] A grand jury indicted Gay on June 11, 2002, and charged him with malice murder, felony murder predicated on the underlying felony of aggravated assault upon Shakela Jones, aggravated assault upon Shakela Jones, Blair Jones, Kenneth Manuel, and Manvester Evans, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Trial commenced on November 25, 2002, and on November 26, 2002, a jury found Evans guilty of malice murder, aggravated assault on Shakela Jones, Kenneth Manuel, and Blair Jones, and possession of a firearm by a convicted felon. The trial court sentenced Gay to life in prison for malice murder, plus consecutive sentences of 20 years on the aggravated assault of Shakela Jones, 15 years on the assault of Kenneth Manuel, 18 years on the assault of Blair Jones, and five years on the possession of a firearm during the commission of a crime.

asserts that the trial court improperly admitted certain hearsay testimony under the necessity exception to the hearsay rule and in violation of the confrontation clauses of the federal and state constitutions. Finding no reversible error, we affirm.

Eight-year-old Shakela Jones died from a gunshot wound to her abdomen. Viewed in a light favorable to the verdict, the evidence reveals that, in the weeks leading up to her murder, Shakela's stepfather, Manvester "Gator" Evans, was suspected of shooting Charles "Metro" Gay.

On the day in question, Gay attempted to punch Evans through an open car window, after which Evans sped away and gave Gay's description to the police. A few hours later, Gay reappeared in front of Evans' home, waving a gun and looking for Evans. When Evans' wife saw Gay running toward the house, she ran inside and dialed 911. Gay kicked down the front door, entered the living room, and shot at Evans' three stepchildren, killing Shakela and wounding her brother. Gay fled in the direction of a trailer park behind Evans' home, where police apprehended him and recovered the murder weapon from a nearby rooftop.

1. The evidence was sufficient to enable a rational trier of fact to find Gay guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At trial, Evans refused to testify and was held in contempt. As a result, the trial judge allowed Georgia Bureau of Investigation Agent Lynn to testify as to certain statements that Evans had made to her shortly after Shakela's murder. Specifically, at the hospital to which authorities rushed Shakela immediately after the shooting, Evans told Lynn that (1) he had seen Gay outside his home with a gun immediately before the murder; (2) he and Gay had been involved in an altercation on the day of the murder, where Gay tried to punch him through a car window; and (3) Evans had heard that Gay thought Evans had shot him. Gay asserts that the trial court improperly admitted Evans' statements in violation of the confrontation clauses of the federal and state constitutions. We find that though the trial judge erred in admitting Evans' statements, any such error was harmless.

The confrontation clause imposes an absolute bar to admitting out-of-court statements in evidence when they are testimonial in nature, and when the defendant does not have an opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U. S. 36,

A timely motion for new trial was denied on September 2, 2004; at that time, the trial court vacated the conviction of aggravated assault of Shakela Jones and merged it into the malice murder conviction. The case was docketed on October 29, 2004, and submitted for a decision on the briefs on December 20, 2004.

40 (124 SC 1354, 158 LE2d 177) (2004).[2] This Court has recently held that "statements made to police officers during an investigation qualify as testimonial." *Watson v. State*, 278 Ga. 763, 768 (2) (604 SE2d 804) (2004); *Bell v. State*, supra at 72; *Moody v. State*, 277 Ga. 676, 679-680 (594 SE2d 350) (2004). Evans' statements to Agent Lynn during the course of Shakela's murder investigation clearly fall within this category. In addition, Gay did not have the opportunity to cross-examine Evans because Evans refused to testify. *Livingston v. State*, 268 Ga. 205, 206 (486 SE2d 845) (1997).

It follows that Evans' statements to Agent Lynn do not meet the constitutional burden of admissibility as set out in *Crawford*, and that the trial judge should have excluded them without engaging in a hearsay or reliability analysis. We hold, however, that any such error was harmless beyond a reasonable doubt, because the hearsay portion of Agent Lynn's testimony was cumulative of other admissible evidence. *Moody v. State*, supra at 679. First, Shakela's mother and two brothers also identified Gay as the shooter. Secondly, Evans' cousin by marriage, Cheryl Wright, testified that she witnessed an altercation between Gay and Evans on the day of Shakela's murder, during which Gay attempted to punch Evans through a car window and Evans attempted to run Gay over. Finally, Lyons Police Chief Marcus Reid testified that Gay was shot and that, though he was not charged, Evans was developed as the suspect in Gay's shooting. Cheryl Wright also testified that she saw Evans and Gay in the same alleyway immediately before Gay was shot, and that Gay came running out of the alleyway with a gunshot wound. In light of this evidence, which provided the substance of Evans' hearsay statements, any error in admitting Agent Lynn's testimony was harmless beyond a reasonable doubt.[3] *Johnson v. State*, 238 Ga. 59, 60-61 (230 SE2d 869) (1976).

3. Gay also contends that the trial court improperly admitted Evans' statements to Agent Lynn under the necessity exception to the hearsay rule. We find that though Evans' statements do not properly fall within the necessity exception, any error in admitting them was harmless.

---

[2] Although the trial in this case took place prior to the date *Crawford* was decided, this Court has held that, to the extent that *Crawford* enunciated a new rule for the conduct of criminal prosecutions, it applies retroactively to all cases pending on direct review or not yet final. See *Bell v. State*, 278 Ga. 69 (597 SE2d 350) (2004).

[3] In discussing harmless error, we note that a finding of harmless constitutional error requires that the error be harmless "beyond a reasonable doubt," while a finding of harmless nonconstitutional error is met as long as " 'it is highly probable that the error did not contribute to the judgment.' " *Johnson v. State*, supra at 61.

To be admissible under the necessity exception, the party presenting the evidence must prove that the hearsay is both "necessary" and demonstrates "particularized guarantees of trustworthiness." (Punctuation omitted.) *Azizi v. State*, 270 Ga. 709, 711 (512 SE2d 622) (1999). A statement is necessary only when it is more probative of a material fact than other available evidence. *Yancey v. State*, 275 Ga. 550, 553 (570 SE2d 269) (2002). In this case, the State has failed to meet its burden of showing that Evans' statements meet this requirement, because, as discussed above, other witnesses provided information that was cumulative of Evans' statements.

However, for the same reasons that the confrontation clause analysis fails, any error in admitting Evans' statements under the necessity exception was harmless. This Court has often held that "the erroneous admission of testimony under the necessity exception is harmless where there is other evidence proving the substance of the hearsay testimony." (Citations omitted.) *Yancey v. State*, supra at 558.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005.

*John K. Gross*, for appellant.

*W. Steven Askew, District Attorney, Charles D. Howard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Raina J. Nadler, Assistant Attorney General*, for appellee.