S06A0036. JONES v. THE STATE.
(625 SE2d 1)

CARLEY, Justice.

After a jury trial, Derrick Jones was found guilty of malice murder, two alternative counts of felony murder, and two separate counts which charged the underlying felonies of aggravated assault and possession of a firearm by a convicted felon. The felony murder counts stood vacated by operation of law, and the trial court merged the aggravated assault and firearm possession counts into the malice murder. See *Malcolm v. State,* 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). The trial court entered judgment of conviction for the remaining count of malice murder and sentenced Jones to life imprisonment. A motion for new trial was denied, and he appeals.[1]

1. Construed most strongly in support of the verdicts, the evidence shows that the victim owed money to Jones and that they fought over the debt. According to eyewitness testimony, someone handed Jones a handgun, the victim fled on foot, and Jones used a white automobile to chase him. Jones located the victim, fatally shot him in the head, and fled. Jones contends that two of the State's eyewitnesses were convicted felons, that a detective threatened to charge one of them with the murder, and that there were various

---

[1] The crimes occurred on August 5, 2002, and the grand jury returned the indictment on January 16, 2003. The jury found Jones guilty on August 15, 2003 and, on the same day, the trial court entered the judgment of conviction and sentence. A motion for new trial was filed on September 5, 2003, amended on June 8, 2005, and denied on June 22, 2005. Jones filed a notice of appeal on July 19, 2005. The case was docketed in this Court on September 6, 2005 and submitted for decision on October 31, 2005.

inconsistencies in their testimony and other evidence. " 'However, resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. (Cit.)' [Cit.]" *Givens v. State*, 273 Ga. 818, 819 (1) (546 SE2d 509) (2001). The evidence was sufficient to authorize a rational trier of fact to find Jones guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wright v. State*, 276 Ga. 419, 420 (1) (577 SE2d 782) (2003); *Baldwin v. State*, 263 Ga. 524, 526 (2) (435 SE2d 926) (1993).

2. Jones urges that his trial attorney rendered ineffective assistance in two instances. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

> The burden was on [Jones under *Strickland*] to prove that counsel's performance was deficient and that the deficiency prejudiced his defense. [Cits.] An appellate court will uphold a trial court's findings of fact on a claim of ineffective assistance of counsel unless those findings are clearly erroneous; we review the trial court's legal conclusions de novo. [Cit.]

*Hudson v. State*, 277 Ga. 581, 584 (4) (591 SE2d 807) (2004).

(a) During cross-examination, a defense witness testified that she and others were teasing Jones because he was fighting over six dollars. According to the transcript, the assistant district attorney then questioned her as follows: "You were giving him a bad time. You were ribbing him about the narcotics he was fighting over $6?" The witness answered, "Well, if you want to put [it] in those terms, yes." Jones complains that defense counsel failed to object and move for a mistrial on the basis that the reference to narcotics impermissibly placed his character into evidence.

At the hearing on the motion for new trial, the assistant district attorney contended that the transcript was inaccurate and testified that she would not have used the term "narcotics" with a lay witness. Jones' trial counsel testified that she decided not to call attention to the question when the trial court would probably have ruled such drug evidence admissible. Even assuming that the transcript is accurate and that the involvement of drug money was placed before the jury, the question elicited testimony which constituted relevant evidence of Jones' motive. *Holcomb v. State*, 268 Ga. 100, 104 (4) (485 SE2d 192) (1997); *Johnson v. State*, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990). "While motive is not an essential element in the proof of the crime of murder, the State is entitled to present evidence to establish that there was a motive. [Cit.]" *Johnson v. State*, supra. " 'Evidence which is relevant to an issue in a case is not rendered

inadmissible by the fact that it incidentally puts the defendant's character at issue.' [Cit.]" *Holcomb v. State*, supra. Thus, Jones' lawyer was not ineffective in failing to object, since "any objection would have been fruitless." *Collins v. State*, 273 Ga. 30, 32 (2) (538 SE2d 34) (2000).

(b) Jones also contends that trial counsel failed either to request a limiting instruction or to seek a stipulation regarding his previous conviction for robbery, which the State used to prove his status as a convicted felon. The trial court erroneously merged the count of possession of a firearm by a convicted felon. *Quillian v. State*, 279 Ga. 698, 699 (1) (620 SE2d 376) (2005); *Malcolm v. State*, supra at 374 (5). Nevertheless, the issue is not moot since the proceedings were not bifurcated pursuant to *Head v. State*, 253 Ga. 429, 431 (3) (a) (322 SE2d 228) (1984), overruled on other grounds, *Ross v. State*, 279 Ga. 365, 368 (2), fn. 17 (614 SE2d 31) (2005), and the prior conviction could, therefore, have had an effect on the verdict of guilt for murder.

The decision of criminal defense counsel not to request limiting instructions is presumed to be strategic. *Hudson v. State*, supra at 585 (4) (c). Furthermore, Jones' attorney testified that she did not wish to draw attention to the prior conviction with a limiting instruction, especially since she had already questioned the jurors regarding their ability to remain impartial despite the conviction. "The omission was therefore trial strategy and not evidence of ineffectiveness." *Laye v. State*, 261 Ga. App. 327 (582 SE2d 505) (2003). Moreover, "even if trial counsel provided deficient performance in failing to [request a limiting instruction, Jones] has failed to show that the outcome of his trial would have been different but for the deficiency. [Cit.]" *Burgess v. State*, 278 Ga. 314, 316 (2) (602 SE2d 566) (2004).

Jones bases his complaint regarding counsel's failure to seek a stipulation on the rule adopted in *Ross v. State*, supra at 366 (2). However, the adoption of that new rule occurred almost two years after the trial in this case. " '[I]n making litigation decisions, "there is no general duty on the part of defense counsel to anticipate changes in the law[.]" ' [Cits.]" *Rickman v. State*, 277 Ga. 277, 280 (2) (587 SE2d 596) (2003). See also *Washington v. State*, 271 Ga. App. 764, 765 (1) (610 SE2d 692) (2005). Thus, the failure of Jones' lawyer to offer a stipulation to the prior conviction "cannot be judged to be deficient performance." *Rickman v. State*, supra.

Jones also asserts that trial counsel was ineffective for failing to request redaction of the evidence used by the State to prove his prior conviction for robbery. In this connection, he contends that the 1998 indictment to which he pled guilty should not have been admitted in its original form, because it charged him with armed robbery and other offenses. However, the fact that Jones pled guilty to robbery, as a lesser included offense of armed robbery, and that he was charged

with other crimes did not affect the indictment's admissibility as evidence to prove his status as a convicted felon. See *Smith v. State*, 192 Ga. App. 246 (1) (384 SE2d 451) (1989). Thus, trial counsel's failure to request that the 1998 indictment be altered did not constitute deficient performance. Moreover, the indictment was not prejudicial to Jones' defense, since it showed that the initial charges were either reduced or dead docketed. *Smith v. State*, supra at 247 (1); *Biggers v. State*, 162 Ga. App. 163, 165 (2) (290 SE2d 159) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 1, 2005 —
RECONSIDERATION DENIED FEBRUARY 13, 2006.

*Sharon D. Smith-Knox*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.