S10A1718. GIBBS v. THE STATE.
(706 SE2d 428)

HINES, Justice.

Following the denial of his motion for new trial, Anthony O'Neil Gibbs, Jr., appeals his convictions for malice murder, possession of a weapon during the commission of a crime, and possession of a firearm by a convicted felon in connection with the fatal shooting of Kevin Jean-Jacques. Gibbs challenges the admission of certain evidence at his trial. Finding the challenge to be without merit, we affirm.[1]

The evidence construed in favor of the verdicts showed the

---

[1] The crimes occurred on September 19, 2007. On April 9, 2009, a Clayton County grand jury indicted Gibbs for Count 1 – malice murder; Count 2 – felony murder while in the commission of possession of a firearm by a convicted felon; Count 3 – felony murder while in the commission of aggravated assault with a deadly weapon; Count 4 – aggravated assault;

following. On the evening of September 19, 2007, Gibbs and Ingram were playing slot machines at a convenience store. Jean-Jacques and Wheeler entered the store, and Ingram mistakenly indicated to Gibbs that Jean-Jacques was an individual named "Dirty." Jean-Jacques's brother, who bore a resemblance to Jean-Jacques, went by the name "Dirty." Jean-Jacques corrected Ingram, stating that he was Kevin, not "Dirty." Gibbs had been the victim of a 2005 shooting, during which he was wounded in the course of a drug deal. Some of the attackers were never prosecuted or identified; Gibbs had heard that "Dirty" was involved in his shooting.

Gibbs left the store, went across the street, and promptly returned. Minutes later, Wheeler and Jean-Jacques also left the store and got into Wheeler's car. As Wheeler exited the parking lot, Gibbs "crept" up to the car on the passenger side and shot Jean-Jacques through the window, fatally wounding him. Wheeler later identified Gibbs in a photographic lineup as the shooter.

1. The evidence was sufficient to enable a rational trier of fact to find Gibbs guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Gibbs contends that the trial court erred in admitting evidence of his 2004 convictions for giving a false name and two counts of giving a false date of birth to a law enforcement officer,[2] thereby improperly allowing his character to be put into evidence. He argues that the State is attempting to justify the evidence based on its factual similarity to the circumstances at issue in an effort to demonstrate his propensity to lie to police, and that the use of a prior conviction as propensity evidence is impermissible unless the witness first places his character at issue; he further complains that the State cannot require a witness to answer a question and then assert that the answer places his character at issue. But, Gibbs's complaints are unavailing.

---

Count 5 – possession of a weapon during the commission of the crime of murder; Count 6 – possession of a weapon during the commission of the crime of felony murder; Count 7 – possession of a weapon during the commission of the crime of aggravated assault; and Count 8 – possession of a firearm by a convicted felon. Gibbs was tried before a jury August 3-5, 2009, and found guilty of all counts. On August 6, 2009, he was sentenced to life in prison on Count 1, five years in prison on Count 5, to be served consecutively to the sentence on Count 1, and five years in prison on Count 8, to be served consecutively to the sentence to be served on Count 5. Counts 2 and 3 stood vacated by operation of law and the remaining counts merged for the purpose of sentencing. A motion for new trial was filed on August 25, 2009, and the motion was denied on May 13, 2010. A notice of appeal was filed on June 3, 2010. The case was docketed in this Court during the September 2010 term, and the appeal was submitted for decision on briefs.

[2] The convictions were entered following Gibbs's negotiated pleas of guilty to the three charges.

As Gibbs acknowledges, the trial court expressly admitted the evidence pursuant to OCGA § 24-9-84.1 (a) (3), which provides:

> For the purpose of attacking the credibility of a witness, or of the defendant, if the defendant testifies: . . . [e]vidence that any witness or the defendant has been convicted of a crime shall be admitted if it involved dishonesty or making a false statement, regardless of the punishment that could be imposed for such offense.

And, that is precisely the situation in this case. Gibbs testified that he had not lied to police regarding his whereabouts on the day of the shooting, so the State, for the purpose of attacking his credibility, was authorized under the statutory provision to introduce evidence that Gibbs was previously convicted of making false statements to law enforcement. There was no error on the bases urged in admitting the evidence.

3. There is likewise no merit to Gibbs's final contention that the trial court improperly admitted evidence of the prior case in which he was a gunshot victim and of Wheeler's testimony about the convenience store exchange with Ingram regarding Jean-Jacques's identity as "Dirty." First, it is unclear just what evidence of the prior shooting Gibbs is now claiming is objectionable. In any event, his complaint as to Wheeler's testimony is that the trial court admitted it under the necessity exception to hearsay[3] even though its reliability was not sufficiently demonstrated. But, the trial court applied the appropriate analysis before allowing the State to utilize the exception.

> In order to introduce any hearsay statement under the necessity exception, (1) the declarant must be unavailable to testify; (2) there must be particularized guarantees of the statement's trustworthiness; and (3) the statement must be both relevant to a material fact and more probative regarding that fact than any other evidence concerning appellant's motive for the crimes. . . .

*Al-Amin v. State*, 278 Ga. 74, 89 (19) (597 SE2d 332) (2004). The trial court expressly found that the victim was unavailable, as was Ingram; that the evidence was material and relevant and of more probative value than other available evidence impliedly on the question of Gibbs's motive for the shooting; and that the spontaneity

---

[3] OCGA § 24-3-1 (b) provides:
Hearsay evidence is admitted only in specified cases from necessity.

of the exchange and other surrounding circumstances guaranteed trustworthiness. And, the record supports these findings. Jean-Jacques was dead and the State could not locate Ingram to testify, rendering both of them unavailable. *Devega v. State*, 286 Ga. 448, 449 (3) (689 SE2d 293) (2010). Wheeler's account of the exchange was the most probative evidence on the question of motive for the shooting. See *Jones v. State*, 280 Ga. 205, 206 (2) (a) (625 SE2d 1) (2005). Furthermore, the fact that the hearsay testimony is by "close, personal friends" of the unavailable declarant provides further support for a finding of trustworthiness. *Devega v. State*, supra at 449 (3). Wheeler had known Jean-Jacques since the eighth grade, and the two were best friends. The determination of whether the subject testimony has particularized guarantees of trustworthiness is a matter left to the trial court's discretion, and this discretion will not be disturbed absent a showing of abuse. *Coleman v. State*, 286 Ga. 291, 300 (7) (687 SE2d 427) (2009). No abuse has been shown.

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 2011.

*Leon Hicks*, for appellant.

*Tracy Graham-Lawson, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.