## S12A0623. JACKSON v. THE STATE.
### (727 SE2d 106)

MELTON, Justice.

Following a jury trial, Cecil Jackson, Jr., appeals his conviction for malice murder, aggravated assault, and possession of a firearm during the commission of a crime,[1] contending that a co-defendant's statement was introduced into evidence in violation of *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, on the evening of November 14, 1998, Cecil Jackson, Jr., was spending time at the home of Formosa Bell, his friend. A party was going on at a house across the street, and Bell informed Jackson that she was going to walk over. Jackson did not want to go, and, instead, started to walk to his home. On his way there, he ran into Anthony Tyrone Frazier, another friend of his. Frazier informed Jackson that he wanted to "crash" the party, and Jackson accompanied him. Both Frazier and Jackson were carrying guns. When

---

[1] On May 5, 1999, Jackson was indicted for malice murder, felony murder, aggravated assault, and the possession of a firearm during the commission of a crime. Following a jury trial, Jackson was acquitted of felony murder but found guilty of all the other charges on September 15, 1999. Jackson was sentenced to life imprisonment for malice murder with five consecutive years for the firearm possession. The conviction for aggravated assault was merged with malice murder for sentencing purposes. On September 16, 1999, Jackson filed a motion for new trial, which he moved to have dismissed after he filed a notice of appeal. On July 16, 2001, this Court dismissed the appeal because the motion for new trial remained pending. On September 25, 2001, the trial court entered an order allowing Jackson to substitute a notice of appeal for the motion for new trial, and this Court again dismissed the subsequent appeal on April 29, 2002. Thereafter, on April 4, 2005, Jackson moved for an out-of-time appeal based on ineffective assistance of counsel, and, without a hearing, the trial court denied the motion on April 26, 2005. On November 21, 2005, this Court reversed the trial court's order and remanded the case for a hearing. *Jackson v. State*, 280 Ga. 27 (622 SE2d 356) (2005). Following this hearing, the trial court granted Jackson's motion for out-of-time appeal, and Jackson filed a motion for new trial on July 6, 2006, amended on December 12, 2007. The motion was denied on July 8, 2011, and, following a timely notice of appeal, Jackson's case was docketed to the January 2012 term of this Court and submitted for decision on the briefs.

Jackson and Frazier approached the home where the party was being held, John Tucker, who was sitting on the front porch, told them not to bring their guns into the party. Instead, Frazier simply gave his gun to Jackson, who was now carrying two weapons. Frazier then attempted to enter the party, but the woman who was in charge of the festivities told him that he was not welcome. Tucker and Frazier then exchanged angry words, and Jackson and Frazier began to walk away. At this point, Jackson had become very angry. As Jackson and Frazier walked away, Tucker said something to them which further upset Jackson. Jackson then turned around, moved toward Tucker, and opened fire. Tucker died from three gunshot wounds, including two to the head.

In addition to physical evidence, police gathered testimony from three main witnesses: Bell, Jackson, and Frazier. Bell testified that, while she was at the party, she witnessed Jackson arguing with Tucker. Because she did not want Jackson to get into trouble, Bell then grabbed Jackson and tried to calm him by taking him across the street. Bell asked Jackson to just "let it go." Bell next went into her house to check on her son, and, when she returned a few minutes later, Tucker had been shot. In a taped interview, Jackson admitted that he shot Tucker after arguing with him. Jackson, however, maintained that he shot Tucker after he thought he saw Tucker reaching into his coat for a weapon. Although Frazier died prior to trial, his statement to police was admitted into evidence pursuant to the necessity exception to the rule against hearsay. Frazier indicated that, after he was asked to leave the party, he argued with Tucker, but Jackson intervened. As he and Jackson walked away, Jackson "apparently got hotheaded during this argument, and [Frazier] and other individuals had to restrain [Jackson] in the road area away from the actual location. And apparently [Jackson] broke loose and ran back towards Mr. Tucker, and that's when the shooting occurred." Frazier claimed that he did not actually see the shooting, but only saw the flame of the gun.

This evidence was sufficient to enable the jury to find Jackson guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jackson contends that the admission of Frazier's testimonial statement violated *Crawford v. Washington*, supra. Jackson's case was conducted before *Crawford* was decided; however, as *Crawford* set forth a new rule for the conduct of criminal trials, it must be retroactively applied to cases pending on direct review or not yet final. See *Bell v. State*, 278 Ga. 69 (597 SE2d 350) (2004).

The confrontation clause imposes an absolute bar to admitting out-of-court statements in evidence when they are testimonial in nature, and when the defendant does not have an opportunity to cross-examine the declarant. *Crawford v. Washington*, [supra]. This Court has recently held that "statements made to police officers during an investigation qualify as testimonial." *Watson v. State*, 278 Ga. 763, 768 (2) (604 SE2d 804) (2004); *Bell v. State*, supra at 72; *Moody v. State*, 277 Ga. 676, 679-680 (594 SE2d 350) (2004).

(Footnote omitted.) *Gay v. State*, 279 Ga. 180, 181-182 (2) (611 SE2d 31) (2005).

The State correctly concedes that Frazier's statement to police during the investigation of Tucker's murder is testimonial in nature and that it was improperly admitted because Jackson could not confront Frazier, who died before the trial commenced. Under the facts of this case, however, this *Crawford* violation was harmless. Frazier's statement was cumulative of other properly admitted evidence. Bell's testimony separately establishes that there was an argument between Jackson and Tucker and that Jackson became so angry that he had to be ushered away from the altercation. In addition, Jackson's own taped statement established the same set of facts set forth in Frazier's statement. Jackson admitted that he exchanged angry words with Tucker, and, most importantly, he admitted that he shot Tucker. Although Jackson stated that he shot after Tucker "flexed," meaning that Tucker reached into his coat for what Jackson assumed to be a gun, Frazier's testimony was not harmful to Jackson's self-defense argument because he stated that he did not see the actual shooting, just flames from Jackson's gun.

Accordingly, under *Crawford*, although the trial court erred by admitting Frazier's statement, that error was harmless. *Gay*, supra. *Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2012.

*Jennifer A. Trieshmann*, for appellant.
*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.