S12A1945. GRIFFIN v. THE STATE.
S12A1946. BOYD v. THE STATE.
(737 SE2d 682)

THOMPSON, Presiding Justice.

After a jury trial, appellants Desmond Griffin and Charlie Boyd were found guilty of the felony murder of James Clark based on the underlying felony of aggravated assault. Griffin was also found guilty of separate charges of aggravated assault against Ronald Rosson and the simple battery of Clark.[1] Appellants' motions for new trial were denied, and they appealed to this Court. Finding no reversible error, we affirm.

1. Viewed in the light most favorable to the verdict, the jury was authorized to find that in April 2006 Griffin and another man went to Clark's home to collect on a drug debt. When Clark refused to pay, Griffin and Rosson, who was visiting Clark, began arguing. Griffin, with a razor blade in his hand, threatened to cut Rosson and made a forward movement toward Rosson. Griffin later told witnesses he hit Rosson and showed them how he held the razor between his fingers as he did so. Two months later, Clark approached Griffin on the street in an effort to purchase drugs. After speaking for a moment, Clark walked away. Griffin also walked away, then turned around and struck Clark in the back of the head, causing him to fall to the asphalt face first. Boyd, who had been standing some distance away, joined Griffin, and the two men brutally kicked Clark in the head and torso,

---

[1] The crimes occurred on April 11, 2006 and June 20, 2006. Appellants were indicted by a Troup County grand jury on August 7, 2007, for the felony murder and aggravated assault of Clark. Griffin was also indicted on separate charges of aggravated assault against Rosson and simple battery against Clark. After a jury trial held on June 23-27, 2008, the jury returned verdicts of guilty against appellants on all counts. Griffin was sentenced on June 27, 2008 to life imprisonment for felony murder, a concurrent 12-month sentence on the simple battery count, and a concurrent 20-year sentence on the charge of aggravated assault against Rosson. Boyd was sentenced the same day to life imprisonment for felony murder. The remaining felony charges merged as a matter of law. Griffin's motion for new trial was filed on July 15, 2008, and amended on October 30, 2008, November 6, 2008, and April 18, 2012. It was denied on May 16, 2012. Boyd's motion for new trial was filed on June 21, 2008, amended on November 3, 2008, and denied on May 16, 2012. Boyd filed his notice of appeal on May 18, 2012. Griffin's notice of appeal was filed on May 29, 2012. The appeals were docketed to the September 2012 term of this Court and submitted for decision on the briefs.

telling Clark, who appeared unconscious, to "go back to sleep." The force of the blows were such that one witness said she could hear the bones in Clark's face being crushed. Appellants left Clark beside the road for several hours, then returned to show others what they had done. Clark was discovered by police the following morning, still alive but unable to respond to officers' questions. He died three weeks later as a result of the blunt force trauma to his head and blows to his torso, never having regained consciousness.

The evidence was sufficient for a rational trier of fact to find appellants guilty beyond a reasonable doubt of all of the crimes for which they were convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although Griffin argues his admission that he hit Clark was insufficient to convict him of felony murder based on an aggravated assault, there was evidence from which the jury was authorized to determine that he either directly participated in or was a party to a crime of aggravated assault which caused the death of another. See *Skaggs v. State*, 278 Ga. 19 (1) (596 SE2d 159) (2004) (evidence of blows to victim's head causing him to fall and suffer serious bodily injury sufficient to support charge of felony murder based on aggravated assault with a deadly weapon).

### Case No. S12A1945

2. We find no error in the trial court's denial of Griffin's motions for directed verdict on the charge of aggravated assault against Rosson. As stated above, the evidence showed Griffin threatened to cut Rosson and hit him with a razor blade in his hand. This evidence was sufficient for a rational trier of fact to find Griffin guilty beyond a reasonable doubt of the crime of aggravated assault with a deadly weapon. See *Smith v. State*, 290 Ga. 428 (1) (721 SE2d 892) (2012) (when reviewing trial court's denial of motion for directed verdict, appellate court applies sufficiency of the evidence test); OCGA § 16-5-21 (a) (2). It was within the province of the jury, not this Court, to assess witness credibility and to resolve any evidentiary conflicts or inconsistencies. *Jones v. State*, 280 Ga. 205 (1) (625 SE2d 1) (2005); *Givens v. State*, 273 Ga. 818, 819 (1) (546 SE2d 509) (2001).

3. Griffin argues the trial court erred by denying his motion to sever the charge of aggravated assault committed against Rosson in April 2006 from the crimes committed in June 2006. Whenever two or more offenses are joined for trial solely because they are of the same or similar character, a defendant has an absolute right to sever. *Stewart v. State*, 277 Ga. 138, 139 (587 SE2d 602) (2003). If offenses are not joined solely because of their same or similar character, a trial

court must decide whether severance would promote a just determination of guilt or innocence as to each offense. Id. Relevant factors in making this determination include whether, considering the number and complexity of the offenses charged, the "trier of fact can parse the evidence and apply the law with regard to each charge," and whether evidence of one offense would be admissible in a trial of another offense. Id.

Here, the trial court concluded the charges were not joined solely because of their similar character. The court recognized that both incidents involved a continuing dispute over a drug debt owed by Clark to Griffin and occurred in close physical and temporal proximity to each other. Moreover, the trial court correctly determined that evidence of the offenses occurring in April 2006 would be admissible in the trial of the offenses committed in June 2006 to establish motive for the subsequent crimes and found no evidence that trying the offenses together would have confused or misled the jury. See *Heard v. State*, 287 Ga. 554 (4) (697 SE2d 811) (2010) (evidence of crimes committed on one date admissible in trial of those perpetrated on another date); *Vaughns v. State*, 274 Ga. 13 (2) (549 SE2d 86) (2001) (evidence of defendant's involvement in prior crime admissible to show motive). Based on these facts, we cannot say the trial court abused its discretion in denying the motion for severance.

4. Consistent with the State's theory in this case, the prosecutor presented evidence that Griffin was angry with Clark because Clark had failed to pay Griffin for drugs and started buying drugs from another supplier. This evidence was relevant to the issue of Griffin's motive for the crimes and was not rendered inadmissible by the fact that it may have incidentally placed his character at issue. We find no error in the admission of this evidence. See *Jones*, supra, 280 Ga. 205 (2) (a); *Collins v. State*, 273 Ga. 30, 32 (2) (538 SE2d 34) (2000). It follows that Griffin's counsel was not ineffective by failing to object to this evidence at trial, since any objection would have been fruitless. Id.

5. During trial, Griffin's counsel asked an officer who investigated the April 2006 incident whether he spoke with Rosson about what happened and then elicited testimony from the officer that based on Rosson's statements he did not arrest Griffin for aggravated assault. On re-direct examination, the court allowed the officer to testify regarding what Rosson told him. Because defense counsel's questions about why Griffin was not arrested for aggravated assault placed the officer's conduct in issue and Rosson's statements tended to explain the officer's conduct, Rosson's statements to police were admissible original evidence under OCGA § 24-3-2. See *Reeves v. State*, 288 Ga. 545 (3) (705 SE2d 159) (2011).

Griffin's argument on appeal that his Sixth Amendment right of confrontation was violated by the admission of the officer's testimony was not the basis for his objection at trial, and therefore, he is procedurally barred from raising this issue on appeal. See *Crawford v. Washington*, 541 U. S. 36, 40 (124 SC 1354, 158 LE2d 177) (2004); *Character v. State*, 285 Ga. 112 (3) (674 SE2d 280) (2009). Even assuming, arguendo, that it was error to admit Rosson's statements to the officer because Griffin was not able to confront Rosson, the error in this case was harmless beyond a reasonable doubt. See *Jackson v. State*, 291 Ga. 22 (2) (727 SE2d 106) (2012) (applying harmless error analysis). Rosson's statements to police were cumulative of other properly admitted evidence, including Griffin's own statements to others, establishing that Griffin and Rosson argued over Clark's failure to pay a drug debt and that Griffin beat or punched Rosson with a razor between his fingers.

6. Griffin contends trial counsel rendered ineffective assistance on several grounds. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In order to prevail on his claim of ineffective assistance, Griffin must show deficient performance on the part of counsel and prejudice to his defense resulting from that deficient performance. Id. Moreover, he must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. *Cross v. State*, 271 Ga. 427, 430 (3) (520 SE2d 457) (1999). On appeal, this Court accepts the trial court's findings of fact unless they are clearly erroneous. The trial court's legal conclusions are reviewed de novo. *King v. State*, 282 Ga. 505, 506 (2) (651 SE2d 711) (2007).

(a) Griffin contends counsel performed deficiently by failing to adequately prepare for trial and failing to investigate potential witnesses. At the motion for new trial hearing, defense counsel testified he met with Griffin, discussed the theory of Griffin's defense, and talked about potential defense witnesses. Counsel stated he or his investigator interviewed all potential witnesses whose names were supplied by Griffin. Two of the witnesses Griffin specifically suggests should have been interviewed testified at trial and were cross-examined by counsel but did not provide the testimony Griffin hoped they would provide. A third potential witness was interviewed by Griffin's counsel prior to trial, after which it was determined her testimony would not establish an alibi defense. Decisions concerning the presentation of witnesses founded on legitimate evidentiary concerns are matters of trial strategy and do not constitute ineffective assistance. *Brooks v. State*, 265 Ga. 548 (4) (458 SE2d 349) (1995). See *Reid v. State*, 286 Ga. 484, 486 (690 SE2d 177) (2010) (determination of which witnesses to call is a strategic decision within the exclusive

province of counsel after consultation with client). Thus, Griffin failed to overcome the strong presumption that counsel's performance fell within the broad range of professional conduct and failed to prove deficient performance.

(b) Nor was counsel ineffective for failing to object to the admission of Rosson's April 2006 statements to police. Even assuming counsel failed to object timely on hearsay grounds or to lodge any objection on confrontation grounds, Griffin has failed to meet his burden under *Strickland*. As discussed above, the evidence was admissible under OCGA § 24-3-2 and any confrontation error was harmless beyond a reasonable doubt. See supra, Division 5. Moreover, as Griffin's counsel explained to the trial court at the time Rosson's statements were admitted, counsel wanted to question the officer about his arrest decision in order to highlight to the jury in closing arguments that the officer did not believe an aggravated assault had occurred. His decision to question the officer about the statement thus was trial strategy which Griffin has not shown to be unreasonable.

## Case No. S12A1946

7. In his appeal, Boyd contends the trial court erred by denying his motion to sever his trial from that of his two co-defendants.[2] He contends severance was necessary because the inclusion of the separate counts charged against Griffin likely caused confusion in the mind of the jury, because a joint trial precluded him from calling his co-defendants as witnesses, and because a joint trial allowed the introduction of antagonistic defenses.

> The question of severance of the trial of defendants for a capital felony where the death penalty has been waived is within the discretion of the trial court. OCGA § 17-8-4. Factors which should be considered in exercising that discretion are (1) whether the number of defendants will create confusion; (2) whether there is danger that evidence against one defendant will be considered against another by the jury despite instructions from the court; (3) whether the defenses of one defendant are antagonistic to defenses of another. [Cits.]

---

[2] A third co-defendant, Steve Smith, was jointly indicted and tried for the felony murder and aggravated assault of Clark. The jury returned verdicts of not guilty on both charges against Smith.

*Satterfield v. State*, 256 Ga. 593, 596 (351 SE2d 625) (1987). A defendant who seeks severance must show clearly that he will be prejudiced by a joint trial and in the absence of such showing, a trial court's denial of the motion to sever will not be disturbed. Id.; *Green v. State*, 274 Ga. 686, 688 (558 SE2d 707) (2002).

Boyd has made no showing of prejudice requiring reversal of the trial court's denial of his motion to sever. There is no evidence in the record that Boyd's co-defendants would have been willing to testify at a separate trial, let alone that their testimony would have corroborated his defense of alibi. Although he contends the joint trial allowed the jury to consider against him evidence of the drug debt owed to Griffin, the same evidence would have been admissible at a separate trial to show his motive for the crimes. See *Lindsey v. State*, 282 Ga. 447 (3) (651 SE2d 66) (2007) (evidence of independent crime admissible to show defendant's motive); OCGA § 24-2-1 (evidence is relevant and admissible if it bears on a material issue). Moreover, there is no evidence that the number of defendants caused confusion. The court properly charged the jury that it was to determine independently the guilt or innocence of each defendant and provided the jury with separate verdicts for each defendant to avoid the potential for confusion. The verdict itself clearly shows the jury was able to understand the law and evidence as it applied to each defendant. See generally *Heard*, supra, 287 Ga. 554 (4) (defendant's acquittal of some of the charges shows jury fully understood law and evidence).

To the extent that the defense of Boyd's co-defendants may have been antagonistic to his own defense, this in itself is insufficient to warrant the grant of a separate trial absent a showing of harm. *Holmes v. State*, 272 Ga. 517 (2) (529 SE2d 879) (2000). Neither co-defendant testified or made any statement admitted at trial placing Boyd at the scene of the crime. The fact that counsel for Smith elicited responses from some witnesses confirming their testimony that Boyd was the primary participant in the kicking of Clark after Griffin knocked him to the ground was merely cumulative of the State's evidence against Boyd. See *Rhodes v. State*, 279 Ga. 587, 590 (3) (619 SE2d 659) (2005); *Loren v. State*, 268 Ga. 792 (2) (493 SE2d 175) (1997). Accordingly, Boyd failed to show any harm from the joint trial and the trial court acted within its discretion by denying the motion to sever.

8. Boyd also contends the trial court erred by failing to sua sponte instruct the jury that it must consider the evidence against the defendants separately and that the guilt of one defendant does not require the return of a verdict of guilt against the others. While this Court acknowledged in *Nicholson v. State*, 265 Ga. 711, 714 (462 SE2d 144) (1995), that the "better practice" is to give the instruction at

issue, we have held that failure to do so when the instruction is not requested does not constitute reversible error if the court's instructions, viewed as a whole, direct the jury to make a separate determination as to the guilt or innocence of each defendant. *McLean v. State*, 291 Ga. 873 (738 SE2d 267) (2012). Here, the record reveals that jurors were instructed by the trial court to decide the guilt or innocence of each defendant as to each count separately. The court further explained that when it used the singular term "defendant" in its charge, it referred to each defendant individually. In addition, the court reminded the jury that one defendant was charged on four different counts of the indictment and two defendants were charged in only two counts. With regard to the verdict form, the court explained it contained a separate section for each individual defendant and told jurors to consider the guilt or innocence of one defendant and to then do the same for the other two defendants. Considering the court's instructions as a whole, see *Whitaker v. State*, 283 Ga. 521, 525 (4) (661 SE2d 557) (2008), we find the jury was properly instructed to make a separate determination as to the guilt or innocence of each defendant. See id.

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2013.

*Herbert Adams, Jr.*, for appellant (case no. S12A1945).
*Jamie T. Roberts*, for appellant (case no. S12A1946).
*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Brittany N. Jones, Assistant Attorney General*, for appellee.