**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 6, 2015**

# In the Court of Appeals of Georgia

A14A1501. HARRIS v. THE STATE.

McFADDEN, Judge.

After a jury trial, Loyce D. Harris was convicted of aggravated child molestation. He appeals, arguing that the state violated his rights by failing to provide him with a witness's statement as required by *Brady v. Maryland*, 373 U. S. 83 (83 SCt 1194, 10 LE2d 215) (1963), and Georgia's reciprocal discovery statutes; that the trial court erred by admitting hearsay testimony; and that the trial court erred by refusing to charge the jury on identification. We hold that Harris's failure to object on *Brady* grounds or to seek relief bars his challenge regarding the witness statement; that even if the trial court erred by admitting hearsay, any error was harmless beyond a reasonable doubt; and the that trial court did not err by refusing to give Harris's requested charges on identification. We therefore affirm.

1. *Facts.*

Viewed in the light most favorable to the verdict, the evidence shows that Harris dated the victim's grandmother, with whom the victim lived. The five-year-old victim told her grandmother that, "Cash touched my pie-pie," which is the name they used for the vagina. The grandmother testified that the victim referred to Harris as Cash. At the recommendation of the police, the grandmother took the victim to a child advocacy center. A forensic interviewer interviewed the victim, who told her that Cash had touched her vagina with his finger and put his penis in her vagina.

2. *Witness statement*.

During cross-examination, the victim's uncle testified that, at the request of the assistant district attorney, he "wrote [a] statement and turned it in." Harris's attorney then asked the trial court, "may we approach regarding the statement that I never received?" The assistant district attorney objected to that characterization. The court responded, "There's no need to approach," and defense counsel answered, "Okay." She then continued cross-examination. Harris argues that the state's failure to provide him with the uncle's written statement violated his due process rights under the federal and Georgia constitutions because it was material impeachment evidence falling under *Brady,* and violated Georgia's reciprocal discovery rules.

2

(a) *Brady* violation.

Harris argues that the state's failure to provide him with the statement violated *Brady*. "No such objection was made at trial, and the defendant has waived his right to raise this objection on appeal." *Jones v. State*, 258 Ga. 249, 250 (6) (368 SE2d 313) (1988) (failure to raise an objection based on *Brady* at trial waives the issue on appeal). Further, Harris learned of the statement at trial and "could, had he deemed it necessary, have sought a continuance to further investigate." *Walker v. State*, 282 Ga. 703, 706-707 (4) (653 SE2d 468) (2007).

(b) *Violation of reciprocal discovery statutes*.

Harris argues that the state's failure to provide him with the written statement violated Georgia's reciprocal discovery statutes and the only just remedy is reversal. Harris correctly argues that OCGA § 17-16-4 (c) required the state to promptly notify him of this statement. That statute provides:

> If prior to or during trial a party discovers additional evidence or material previously requested or ordered which is subject to discovery or inspection under this article, such party shall promptly notify the other party of the existence of the additional evidence or material and make this additional evidence or material available as provided in this article.

OCGA § 17-16-4 (c). As for remedies for the state's violation, OCGA § 17-16-6 provides that

> the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

However, "[Harris] did not request any of these items of relief, but merely [asked to approach regarding the statement that counsel never received]. As [Harris] did not request any relief," he is not entitled to reversal. *Williams v. State*, 226 Ga. App. 313, 314 91) (485 SE2d 837) (1997). We observe that Harris concedes that the state did not purposefully violate the statute.

3. *Hearsay testimony*.

Harris argues that the trial erred by allowing a former law enforcement officer, who had investigated a similar transaction introduced against Harris, to testify about what the similar-transaction victim had told him. In the similar transaction, Harris was charged with child molestation and pled guilty to statutory rape. At Harris's trial here, the former detective who investigated the similar transaction testified:

4

I went to the hospital where I started my investigation. I called DFACS; we notify DFACS anytime a child is involved in a rape. I got some information from the victim. I started my investigation. I interviewed some witnesses, and I also interviewed the victim. She advised me that her and two more juvenile females were riding bicycles and that Alonzo Harris [a name Harris was known by] grabbed her, drug her down into the woods where he attempted to rape her. She stated that he put his finger inside of her private parts; he also gave me a statement hisself that he did put his finger inside of her. He was charged with child molestation.

Harris argues that introduction of the similar-transaction victim's testimonial statements violated his confrontation rights and that those statements were inadmissible hearsay. It is true that out-of-court statements are inadmissible if they are testimonial in nature:

[t]he confrontation clause imposes an absolute bar to admitting out-of-court statements in evidence when they are testimonial in nature, and when the defendant does not have an opportunity to cross-examine the declarant. . . . [S]tatements made to police officers during an investigation qualify as testimonial.

*Gay v. State*, 279 Ga. 180, 181-182 (2) (611 SE2d 31) (2005) (citations and punctuation omitted). But see *Hatley v. State*, 290 Ga. 480, 484 (II) (722 SE2d 67) (2012) ("Statements are nontestimonial when made in the course of police

5

interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.") (citation omitted). We conclude, however, that any confrontation-clause error was harmless beyond a reasonable doubt. See *Griffin v. State*, 292 Ga. 321, 324 (5) (737 SE2d 682) (2013).

The detective's testimony that the victim said she was riding her bicycle does not implicate Harris whatsoever. See *Bell v. State*, 294 Ga. 443, 448 (3) (754 SE2d 327) (2014) (officer's hearsay testimony regarding witness's statement was harmless beyond a reasonable doubt because it was cumulative of other admissible evidence and did not establish any fact related to defendant's guilt). The testimony that the victim said Harris attempted to rape her is cumulative of his guilty plea to statutory rape. See *Gay*, supra, 279 Ga. at 182 (2) (admission of hearsay statement violated confrontation clause but was harmless beyond a reasonable doubt because it was cumulative of other admissible evidence). The testimony that the victim said Harris "put his finger inside of her private parts" is cumulative of Harris's admission to that act. Id. The testimony that the victim said Harris grabbed her and dragged her into the woods added nothing material and was merely incidental to the properly admitted evidence of the statutory rape conviction. See *Horne v. State*, 281 Ga. 799, 808-809

6

(5) (642 SE2d 659) (2007) (any confrontation clause violation caused by state's leading questions in the presence of the jury to a co-indictee who had been granted immunity but refused to testify was harmless beyond a reasonable doubt because questions were not evidence and added nothing of material value that had not otherwise been properly admitted).

Harris also argues that the admission of the victim's statements violated the Georgia statutory prohibitions against hearsay evidence. Assuming for purposes of appeal that there was error in this regard, any such error was harmless as detailed above.

4. *Jury instruction.*

Harris argues that the trial court erred by refusing to give two requested charges on identification. One of the charges concerned the reliability of identification and the other concerned the state's burden to prove beyond a reasonable doubt the identity of Harris as the person who committed the crime. Harris argues that the victim was never reported to have identified Harris as the person she referred to as Cash regarding this incident But the grandmother testified that the victim called Harris by the name "Cash," and said that Cash had touched her.

7

"There is no requirement of our law that a trial judge warn the jury against the possible dangers of mistaken identification of an accused as the person committing a crime." *McLean v. State*, 291 Ga. 873, 878 (5) (b) (738 SE2d 267) (2012) (citation and punctuation omitted) (ineffective assistance of counsel claim). The trial court charged the jury on the state's burden of proof, the presumption of innocence, reasonable doubt, credibility of witnesses, and impeachment of witnesses. "Thus, the jury was instructed on the general principles of law underlying a defense of misidentification." Id. See also *Sullivan v. State*, 242 Ga. App. 613, 615 (4) (530 SE2d 521) (2000) (trial court's failure to instruct jury that state must prove identity beyond a reasonable doubt not error because court gave instruction that jurors must find beyond a reasonable doubt that the defendant committed the offenses charged in the indictment).

*Judgment affirmed. Andrews, P. J., concurs; Ray, J., concurs in Divisions 1, 2 and 4, and in the judgment in Division 3.*