S12A1761. COLTON v. THE STATE.
(739 SE2d 380)

MELTON, Justice.

Following a jury trial, Tyus D. Colton was found guilty of malice murder, felony murder, aggravated assault, and aggravated battery

in connection with the beating death of Shannon Blount.[1] On appeal Colton contends, among other things, that the trial court erred in admitting at trial evidence of Colton's confession without first finding that the confession had been made voluntarily. For the reasons that follow, we remand the case to the trial court for a proper consideration of whether Colton's confession was made voluntarily.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on November 27, 2002, Blount attended a party where Colton was also present. At around 4:30 a.m. on November 28, the party ended, and Blount left the party with Colton and two other men. According to statements from Colton's co-defendant, Blount got into a car with Colton and the other men, and, within an hour of leaving the party, Colton beat Blount with a folding chair, choked him, kicked him in the head and chest while Blount was on the ground, smashed Blount's head with a rock, and left Blount bloodied and beaten on the ground. An intoxicated Colton left the scene and crashed his car, leaving him bleeding from his face and hands. By chance, the same ambulance that picked up the beaten Blount from the crime scene also picked up Colton at the scene of his car accident, as the car accident was on the way to the hospital. Blount later died from his injuries while in the hospital.

The evidence was sufficient to enable a rational trier of fact to find Colton guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also OCGA § 16-2-20 (parties to a crime).

2. Colton contends that the trial court erred by allowing police officers to testify regarding two separate statements made to them by a non-testifying co-defendant that incriminated Colton. See *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) (admission of co-defendant's custodial statement implicating defendant without co-defendant testifying violates defendant's right of cross-

---

[1] On May 19, 2003, Colton was indicted for malice murder, felony murder (predicated on aggravated assault), aggravated assault, aggravated battery, robbery, and armed robbery. Following a July 13-21, 2004 jury trial, Colton was found guilty on all charges except robbery and armed robbery. On July 21, 2004, the trial court sentenced Colton to life imprisonment for malice murder. The felony murder count was vacated by operation of law (see *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993)), and the remaining counts were merged for sentencing purposes. Colton filed a motion for new trial on August 4, 2004, which he amended on December 5, 2007. The motion was denied on November 11, 2008. New counsel for Colton filed a motion for out-of-time appeal on April 17, 2012, which motion was granted on April 26, 2012. Colton's appeal was docketed in this Court for the September 2012 term and submitted for decision on the briefs.

examination secured by the Confrontation Clause of the Sixth Amendment).

With respect to the co-defendant's custodial statement made to police several months after the murder, the co-defendant neither named Colton in this statement nor implied that it was Colton who was involved in the crime. The record reveals that the co-defendant claimed only that "someone" or a "certain person" was involved in the crime, and that the co-defendant never named or described that other person. The co-defendant also admitted that he was one of the assailants who had kicked the victim (although he was also allegedly trying to render aid to the victim). Additionally, the trial court specifically instructed the jury that it could not consider any custodial statements by the co-defendant that incriminated Colton. Under such circumstances, the co-defendant's statement was not rendered inadmissible, as

> [a] co-defendant's statement meets the Confrontation Clause's standard for admissibility when it does not refer to the existence of the defendant and is accompanied by instructions limiting its use to the case against the confessing co-defendant. The fact that the jury might infer from the contents of the co-defendant's statement *in conjunction with other evidence*, that the defendant was involved does not make the admission of the co-defendant's statement a violation of the Confrontation Clause.

(Citation omitted; emphasis supplied.) *Hanifa v. State*, 269 Ga. 797, 803-804 (2) (505 SE2d 731) (1998). See also *Richardson v. Marsh*, 481 U. S. 200, 211 (107 SC 1702, 95 LE2d 176) (1987) (*Bruton* not violated where non-testifying co-defendant's statement redacted "to eliminate not only the defendant's name, but any reference to [his or] her existence," when accompanied by proper limiting instructions); *Gray v. Maryland*, 523 U. S. 185, 195-196 (IV) (118 SC 1151, 140 LE2d 294) (1998) (Confrontation Clause not violated by "those statements that incriminate inferentially [which are] statements that [do] not refer directly to the defendant himself and which become incriminating only when linked with evidence introduced later at trial") (citation and punctuation omitted). Compare *Hanifa*, supra, 269 Ga. at 804 (Confrontation Clause violated where non-testifying co-defendant *specifically identified* defendant by his nickname, although error was ultimately harmless).

We do find error, however, with regard to the trial court's admission of testimony relating to the co-defendant's initial, non-custodial statement to police on the day of the murder. In arguing that this testimony was properly admitted, the State relies on this Court's decision in *Johnson v. State*, 275 Ga. 650, 651 (2) (571 SE2d 782) (2002), in which we held that "*Bruton* is not applicable to a statement which is not the *custodial* confession of a non-testifying accomplice which details the criminal participation of a co-defendant." (Citation omitted; emphasis supplied). However, since this Court's decision in *Johnson*, the United States Supreme Court decided the case of *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), in which the Supreme Court made clear that "[t]he confrontation clause imposes an absolute bar to admitting out-of-court statements in evidence when they are testimonial in nature, and when the defendant does not have an opportunity to cross-examine the declarant." *Gay v. State*, 279 Ga. 180, 181 (611 SE2d 31) (2005), citing *Crawford*, supra. In this connection, "statements made to police officers during an investigation [such as the one at issue here] qualify as testimonial." (Citation omitted.) *Watson v. State*, 278 Ga. 763, 768 (2) (604 SE2d 804) (2004). Thus, in light of the United States Supreme Court's decision in *Crawford*, because the co-defendant's initial statement to police here was testimonial in nature, the statement was inadmissible in light of Colton having had no opportunity to cross-examine the co-defendant. The fact that the co-defendant's initial statement was non-custodial is irrelevant, as such a factor would not remove the statement from the scope of *Bruton* and its progeny. See *Crawford*, supra. Accordingly, the portion of our decision in *Johnson* stating otherwise must be overruled. See *Johnson*, supra, 275 Ga. at 651 (2).

However, even though the trial court erred in admitting the aforementioned evidence, any error in the admission of such evidence may have been rendered harmless in light of Colton's own statement to police and the other properly admitted evidence of Colton's guilt. See, e.g., *Collum v. State*, 281 Ga. 719 (2) (642 SE2d 640) (2007); *Jackson v. State*, 291 Ga. 22, 24 (2) (727 SE2d 106) (2012) (harmless error where statement admitted into evidence in violation of *Crawford* was cumulative of other properly admitted evidence). We cannot yet address this issue, however, as, in light of our holding in Division 3, infra, that this matter must be remanded to the trial court for the court to make a conclusive finding on the voluntariness of Colton's confession, the record is not yet sufficiently developed for this Court to engage in a proper harmless error analysis. We therefore decline to engage in such an analysis at this time.

3. As the State correctly concedes, the trial court erred by admitting into evidence Colton's custodial statement to police without *first* making a conclusive finding that the statement was made voluntarily. Indeed, the record is clear that

> "in this case [there was] 'no actual ruling or finding . . . showing that the trial judge determined the voluntariness of [Colton's] confession. Although [the trial judge] admitted it into evidence, it appears that [the judge] (may have decided only that) . . . "it was a question for the jury to determine on conflicting evidence whether the alleged confession was freely and voluntarily made." ' *Sims v. Georgia*, 385 U. S. 538, 541 (87 SC 639, 17 LE2d 593) (1967). . . ." *Parker v. State*, 255 Ga. 167, 168 (1) (336 SE2d 242) (1985).

*Hicks v. State*, 255 Ga. 503, 504 (1) (340 SE2d 604) (1986). Under such circumstances, "it is necessary to remand this case for clarification as to the admissibility of any statements or confessions by [Colton]."[2] (Citations omitted.) Id.

> If the trial court rules that a new trial is not required, then the defendant may appeal from that judgment, in which event the case shall be redocketed in this court for resolution of any remaining issues and any additional issues which might be presented by the judgment on remand.

Id. at 505 (6).

*Case remanded for further proceedings. All the Justices concur.*

DECIDED MARCH 4, 2013.

*Jennifer A. Trieshmann*, for appellant.
*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Kenneth W. Mishoe, Assistant Attorney General*, for appellee.

---

[2] We note that, to the extent that Colton argues that the trial court erred by allowing a police officer to state his opinion on the "ultimate issue" of whether Colton's confession was given voluntarily, that argument has been waived on appeal due to Colton's failure to object to the testimony on this basis below. See, e.g., *Walker v. State*, 282 Ga. 703 (4) (653 SE2d 468) (2007).