302 Ga. 837
FINAL COPY

S17A1992. THE STATE v. SMITH et al.

BOGGS, Justice.

The State appeals from the trial court's order granting Roderick Parrish's pretrial motion in limine to exclude a statement made by one of his co-defendants, Kevin Smith.[1] The trial court granted the motion, concluding that Crawford v. Washington, 541 U. S. 36 (124 SCt 1354, 158 LE2d 177) (2004), precluded the admissibility of Smith's statement. For the following reasons, we reverse and remand.

Parrish and several others were charged in a 59-count indictment for various crimes, including murder and attempted robbery, in the shooting death of Rebecca Foley. The State expects the evidence to show that Parrish, Smith, and Jordan Campbell approached Foley as she arrived home to her apartment,

_____

[1] Although the style of this case is as shown on the amended notice of appeal, the State appeals from the trial court's order on Parrish's motion in limine, and it does not appear that any of the other defendants joined in that motion, including Henry Speaks, who has filed a brief in this appeal.

attempted to rob her, and then shot and killed her as she attempted to drive away. The three then fled the scene in a vehicle driven by James Pastures.[2] The State also plans to show that the perpetrators were all members of the Bloods gang. Smith was later arrested for an unrelated aggravated assault and had in his possession a firearm that ballistics testing matched to the one used to kill Foley. During questioning by police, Smith was asked where he bought the gun. He explained that he purchased it in March 2013, which was two months after Foley's murder, from someone he met "on the street" named "Jarod or Rod" Parrish. Parrish moved to prohibit the use of Smith's custodial statement at trial on the ground that he was implicated in the statement and had a right to confront Smith.

Following a hearing, the trial court ruled that because Smith's statement was not clearly inculpatory, severance of defendants under Bruton v. United States, 391 U. S. 123 (88 SCt 1620, 20 LE2d 476) (1968) was not required, but that Crawford, supra, precludes admissibility in the event Smith does not testify and Parrish has no opportunity to cross-examine him. It is from this order that

---

[2] Shacqeal Sanders and Henry Speaks were charged in connection with the subsequent murder of Pastures, who was believed to have provided police with information concerning the murder of Foley.

2

the State appeals.[3]

"On appeal, we review the trial court's grant of a motion in limine for abuse of discretion." (Citation omitted.) State v. Wilkins, 302 Ga. 156, 160 (805 SE2d 868) (2017). The State argues that Crawford has no application here because Smith's statement does not facially incriminate Parrish, and under Bruton, the statement is admissible against Smith with an appropriate limiting instruction. Parrish argues that Crawford applies to prohibit Smith's testimonial statement to police, "regardless of whether it is inculpatory or not."

The Sixth Amendment's Confrontation Clause

provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." . . . [I]n Crawford, the Court adopted a fundamentally new interpretation of the confrontation right, holding that "[t]estimonial statements of witnesses absent from trial [can be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."

---

[3] Smith's complete statement to police contains numerous statements that could be considered incriminatory to Parrish and that relate to Parrish's character. At the hearing on Parrish's motion in limine, the State focused its argument for the admission of Smith's statement on the portions in which Smith explained that he purchased the gun from Parrish. In its brief on appeal, the State asserts that the portions of the statement it seeks to admit "only contain statements that [Smith] bought a gun from Jarod or Rod Parrish, a person he doesn't know well, in March of 2013." Our analysis here is therefore limited to only those portions of Smith's statement which the State asserts it will seek to admit.

(Citation omitted.) <u>Williams v. Illinois</u>, 567 U. S. 50, 64-65 (II) (A) (132 SCt 2221, 183 LE2d 89) (2012) (plurality opinion). <u>Crawford</u> states the general rule governing the admissibility of an out-of-court testimonial statement. Here, Smith's statement to officers was clearly testimonial in nature, and as the trial court found, pursuant to <u>Crawford</u>, it would be inadmissible against Parrish if Smith were unavailable and Parrish not given an opportunity to cross-examine him. See <u>Colton v. State</u>, 292 Ga. 509, 512 (2) (739 SE2d 380) (2013) (error to admit co-defendant's testimonial statement against defendant in joint trial). Smith's statement would be admissible, however, against *Smith* himself. See OCGA § 24-8-801 (d) (2) (A) (a statement offered against a party which is the party's own statement is an admission not excluded by the hearsay rule). However, because the State seeks to try Smith and Parrish together, we must consider whether the admission of the statement against Smith would violate <u>Bruton</u>.

In the context of a joint trial, the United States Supreme Court held in <u>Bruton</u> that a co-defendant's confession to police that powerfully incriminates the defendant may be barred if the co-defendant does not testify and face cross-examination. 391 U. S. at 132-137. The high court later recognized, however,

4

"that in many circumstances a limiting instruction will adequately protect one defendant from the prejudicial effects of the introduction at a joint trial of evidence intended for use only against a different defendant." Gray v. Maryland, 523 U. S. 185, 190 (II) (118 SCt 1151, 140 LE2d 294) (1998).

In Richardson v. Marsh, 481 U. S. 200, 211 (II) (107 SCt 1702, 95 LE2d 176) (1987), the Supreme Court held that the Confrontation Clause was not violated by the admission of a non-testifying co-defendant's confession that was redacted to remove all references to the defendant, and when the trial court instructed the jury not to consider the confession against the defendant. The court held further that where the "confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial . . . it is a less valid generalization that the jury will not likely obey the instruction to disregard the evidence." Id. at 208 (II).

Federal courts and this Court have interpreted Bruton and Richardson "to exclude only those statements by a non-testifying defendant which directly inculpate a co-defendant." (Citations and punctuation omitted.) United States v. Arias, 984 F2d 1139, 1142 (II) (B) (11th Cir. 1993); see Sutton v. State, 295 Ga. 350, 353 (3) (759 SE2d 846) (2014); Owen v. State, 266 Ga. 312, 314 (4) (467

5

SE2d 325) (1996).

The trial court found that because Smith's statement was not "clearly inculpatory" of Parrish, severance of Smith's trial from Parrish's trial was not mandated. See Moss v. State, 275 Ga. 96, 98-99 (2) (561 SE2d 382) (2002) (no Bruton violation where statements by co-defendant did not directly inculpate defendant and only later became incriminating when linked with other evidence at trial); Thomas v. State, 268 Ga. 135, 137-138 (6) (485 SE2d 783) (1997) (no Bruton violation when co-defendant's statement, that Thomas had bought gun later determined to be murder weapon, did not clearly inculpate defendant). But the trial court's analysis should not have ended there. Since the court found that Smith's statement did not directly inculpate Parrish, it should have concluded further that the statement would be admissible against Smith with an instruction to the jury to consider the statement only against him. See Richardson, supra, 481 U. S. at 206 (II) ("Ordinarily, a witness whose testimony is introduced at a joint trial is not considered to be a witness 'against' a defendant if the jury is instructed to consider that testimony only against a co[-]defendant."). As explained in Richardson, even where the co-defendant's statement is facially incriminating, in some circumstances, if the statement is redacted to remove all

6

references to the defendant, and the court instructs the jury not to consider the confession against the defendant, there may be no Confrontation Clause violation. Id. at 211 (II).

Here, Smith's statement that he bought the gun from Parrish after the murder is not directly inculpatory of Parrish, and so it would be admissible against Smith with an instruction to the jury to consider the statement only against Smith. The trial court therefore erred in ruling that the statement is wholly inadmissible. The court may wish to consider whether the references to Parrish's name should be redacted.

We therefore reverse the trial court's ruling on the motion in limine and remand this case for further proceedings consistent with this opinion.

<u>Judgment reversed and case remanded with direction. All the Justices concur.</u>

Decided January 29, 2018.

Murder, etc. Chatham Superior Court. Before Judge Abbot.

Meg E. Heap, District Attorney, Christine S. Barker, Frank M. Pennington II, Assistant District Attorneys, for appellant.

Darden Law Firm, Richard M. Darden, Caroline H. Bradley; Solomon A. Amusan; Thomas R. Bateski; Martin G. Hilliard; Steven L. Sparger, for appellee.