**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 10, 2019**

# In the Court of Appeals of Georgia

A19A0665. CORNELL v. THE STATE.

MCFADDEN, Presiding Judge.

The issue in this appeal is whether a criminal defendant's rights under the Confrontation Clause of the Sixth Amendment were violated when the trial court admitted hearsay testimony concerning out-of-court statements made by the minor victim. Because the victim testified at trial and was subject to cross-examination, there was no Confrontation Clause violation. Accordingly, we affirm the judgment.

1. *Facts and procedural posture.*

Clayton Cornell was charged by indictment with aggravated sexual battery, aggravated child molestation, aggravated sodomy, two counts of child molestation, and two counts of cruelty to children. The state filed notice of its intent to offer child hearsay statements of the minor victim, G. W., pursuant to OCGA § 24-8-820. The

case proceeded to a jury trial at which G. W. testified, as did various witnesses to whom G. W. had made statements about having been sexually abused by Cornell, her uncle. Witnesses for the state testified, among other things, that five-year-old G. W. had reported that Cornell had touched her vagina with his fingers and had made her lick his penis.

The jury found Cornell guilty of all the charges except for aggravated child molestation. The trial court merged some of the offenses for sentencing, and imposed a total sentence of life, with 25 years to be served in confinement and the remainder to be served on probation. After the trial court denied Cornell's motion for a new trial, he filed this appeal.

2. *Confrontation Clause.*

Cornell claims that the trial court erred in admitting hearsay statements of the victim in violation of the Confrontation Clause of the Sixth Amendment. The claim is without merit.

As an initial matter, we note that Cornell has not challenged the admissibility of G. W.'s out-of-court statements under the child hearsay statute. That statute, OCGA § 24-8-820, provides:

A statement made by a child younger than 16 years of age describing any act of sexual contact or physical abuse performed with or on such child by another or with or on another in the presence of such child shall be admissible in evidence by the testimony of the person to whom made if the proponent of such statement provides notice to the adverse party prior to trial of the intention to use such out-of-court statement and such child testifies at the trial, unless the adverse party forfeits or waives such child's testimony as provided in this title, and, at the time of the testimony regarding the out-of-court statements, the person to whom the child made such statement is subject to cross-examination regarding the out-of-court statements.

The record in this case shows that the state provided notice of its intent to use the victim's out-of-court statements, the victim testified at trial, and the persons to whom the victim made the statements were subject to cross-examination at trial. Thus, the "out-of-court statements made by [G. W.] to the hearsay witnesses about acts of sexual abuse committed by [Cornell] . . . were admissible under OCGA § 24-8-820." *Blackwell v. State*, 346 Ga. App. 833, 839 (3) (a) (815 SE2d 288) (2018).

But even if [OCGA § 24-8-820] authorizes the admission of such evidence as an evidentiary matter, it may still be inadmissible as a violation of the accused's rights under the Confrontation Clause. . . . [T]here is a distinct difference between a challenge to the admission of evidence based upon the Confrontation Clause and that based upon an exception to the hearsay rule.

*State v. Dague*, 325 Ga. App. 202, 208 (2) (750 SE2d 476) (2013) (citations and punctuation omitted). "The Sixth Amendment's Confrontation Clause provides that,

3

in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him." *State v. Smith*, 302 Ga. 837, 838 (809 SE2d 720) (2018) (citation and punctuation omitted). "(T)he [C]onfrontation [C]lause imposes an absolute bar to admitting out-of-court statements in evidence when they are testimonial in nature, *and when the defendant does not have an opportunity to cross-examine the declarant.*" *Colton v. State*, 292 Ga. 509, 512 (2) (739 SE2d 380) (2013) (citations and punctuation omitted; emphasis supplied). Accord *Gay v. State*, 279 Ga. 180, 181 (2) (611 SE2d 31) (2005). But "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Robinson v. State*, 271 Ga. App. 584, 587 (2) (610 SE2d 194) (2005) (citation and punctuation omitted).

In this case, the victim testified at trial and was cross-examined by Cornell. While Cornell did not question the victim about her out-of-court statements, he was not precluded from doing so. Compare *Soto v. State*, 285 Ga. 367, 370 (2) (b) (677 SE2d 95) (2009). The victim's out-of-court testimonial statements might have been inadmissible "if [she had been] unavailable and [Cornell had not been] given an

4

opportunity to cross-examine [her]." *Smith*, supra (citation omitted). But "because the [victim was] present at trial and testified, . . . [Cornell's] confrontation right was not violated." *Robinson*, supra. Accordingly, the trial court did not err in admitting the child hearsay testimony. See also *Gober v. State*, 300 Ga. App. 202, 204 (1) (b) (684 SE2d 675) (2009) (no violation of Sixth Amendment right to confrontation where witness testified at trial).

*Judgment affirmed. McMillian and Goss, JJ., concur.*