307 Ga. 615
FINAL COPY

S19A1079.  THE STATE v. STEPHENS et al.

ELLINGTON, Justice.

In this pending murder case involving multiple defendants,[1] the State appeals from an order denying its pretrial motion to admit a witness's out-of-court statement by reason of necessity because the witness, Harry Dimeco, is now dead. The trial court ruled that the statement was inadmissible under *Crawford v. Washington*,[2] based on the court's determinations that the witness's statement was testimonial in nature and that the defendants were not afforded the opportunity to cross-examine the witness prior to his death. On appeal, the State concedes that the statement at issue was testimonial because, when given, the statement was going to be used

[1] Michael Stephens, Rodriquez Richardson, and William Jackson were indicted for felony murder and other counts in connection with the death of Petrocelli Williams, who was struck by a car on September 20, 2015. Three other defendants were also charged with offenses other than felony murder and its predicates.
[2] 541 U. S. 36 (124 SCt 1354, 158 LE2d 177) (2004).

for prosecution purposes.[3] The State also concedes that the defendants had no meaningful opportunity to cross-examine the witness. The State argues that, notwithstanding Confrontation Clause concerns, the statement may be admitted for a non-hearsay purpose, specifically, explaining the witness's conduct as depicted in a video recording that the State intends to offer. We review the trial court's grant or denial of a motion in limine for abuse of discretion.[4] Finding none, we affirm.

Dimeco gave the recorded statement at issue when he met with investigators at the police station two weeks after the victim died as a result of being struck by a car. Dimeco told investigators that he was walking past a fast food restaurant when he heard a thud similar to the sound of a car or truck hitting a deer. As he heard the sound, he saw a red car in the lane nearest the sidewalk where he

---

[3] Statements made in the course of police interrogation "are testimonial when the circumstances objectively indicate that there is no . . . ongoing emergency, and . . . the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Michigan v. Bryant*, 562 U. S. 344, 356 (II) (131 SCt 1143, 179 LE2d 93) (2011) (citation and punctuation omitted).

[4] *State v. Smith*, 302 Ga. 837, 838 (809 SE2d 720) (2018).

2

was walking. He saw the car move erratically toward the center lane, then back toward the curb, and then stop abruptly. In the dim light, Dimeco saw a dark shape, which seemed to be a person, lying in the road where the car had been seconds earlier. As he approached the car and tried to get its tag number, the car sped away. Dimeco called 911, waited at the scene, and told responding officers what he knew. Investigators obtained security video from a nearby convenience store which, the State contends, shows Dimeco walking on the store premises, a vehicle pulling to the roadside, Dimeco attempting to record the vehicle's tag information, and the vehicle pulling away.

It is fundamental that, under the Confrontation Clause of the Sixth Amendment, "testimonial statements of witnesses absent from trial can be admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine" the declarant. *State v. Smith*, 302 Ga. 837, 838 (809 SE2d 720) (2018), quoting *Williams v. Illinois*, 567 U. S. 50, 64-65 (II) (A) (132 SCt 2221, 183 LE2d 89) (2012) (plurality opinion) (punctuation

omitted). The State contends that Dimeco's pretrial statement is objectively trustworthy, because he came forward as a concerned citizen with no connection to the parties, and that, although his statement was taken as part of an investigatory effort by law enforcement, "the content of the statement is non-accusatory against any party." The State argues that admission of the statement would therefore not violate the rights of the defendants under the Confrontation Clause, and the statement is admissible by necessity pursuant to the hearsay exception provided in OCGA § 24-8-807, the "residual exception" to the general rule that hearsay is not admissible.[5] The State contends that Dimeco's statement is

---

[5] OCGA § 24-8-807 provides:

A statement not specifically covered by any law but having equivalent circumstantial guarantees of trustworthiness shall not be excluded by the hearsay rule, if the court determines that:

(1) The statement is offered as evidence of a material fact;

(2) The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

(3) The general purposes of the rules of evidence and the interests of justice will best be served by admission of the statement into evidence.

However, a statement may not be admitted under this Code section

4

necessary because he was the only non-party eyewitness to any of the events in this case and because the content of the surveillance video is "unfathomable to the fact finder without the information given by Witness Dimeco who is depicted in the video taking certain actions." And, the State contends, Dimeco's statement satisfies all six requirements for the admissibility of evidence under OCGA § 24-8-807.[6]

As the trial court correctly ruled, however, even when an unavailable witness's out-of-court statement has indicia of

---

unless the proponent of it makes known to the adverse party, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

[6] The State cites a treatise, which identifies six requirements for the exception, as follows:

(1) The hearsay declarant is unavailable as a witness;
(2) The statement is evidence of a material fact;
(3) No comparable evidence is available to the proponent through reasonable efforts;
(4) The statement shows circumstantial guarantees of trustworthiness;
(5) The proponent provides pre-trial notice of intent to offer the statement under this exception; and
(6) The general purposes of the rules of evidence and the interests of justice will best be served by admission of the statement into evidence.

Paul S. Milich, Ga. Rules of Evidence, § 19:36 (Oct. 2019).

5

reliability, if the statement is testimonial and the defendant had no prior opportunity for cross-examination, admitting such a statement on the basis of necessity violates the Confrontation Clause. See *Lindsey v. State*, 282 Ga. 447, 452 (4) (651 SE2d 66) (2007); *Brawner v. State*, 278 Ga. 316, 318 (2) (602 SE2d 612) (2004). This is because, "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford*, 541 U. S. at 68-69 (V) (C). Because the Confrontation Clause imposes "an absolute bar" to admitting a testimonial statement when the defendant does not have an opportunity to cross-examine the declarant, "normal rules regarding the admission of hearsay," like the residual exception, apply only *after* "a determination is made that a statement is nontestimonial in nature." *McCord v. State*, 305 Ga. 318, 321-322 (2) (a) (825 SE2d 122) (2019) (citations and punctuation omitted). The State concedes that Dimeco's statement is testimonial and that the defendants had no prior opportunity for cross-examination — both of the qualities of a statement that entitle

6

the defendants to confront him. Consequently, the trial court did not err in denying the State's motion in limine. *Lindsey*, 282 Ga. at 452 (4); *Brawner*, 278 Ga. at 318 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2020.
Murder. Dougherty Superior Court. Before Judge Darrisaw.
*Gregory W. Edwards, District Attorney, Harold R. Moroz,*

*Melinda A. Wynne, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

*Troy E. Golden, Sandra A. Satchell, Alexander S. Merrill; Ricky D. Collum; Ingrid P. Driskell; Johnny W. Knight; Roberto S. Hoover; Harrell & Lewis, Benjamin D. Harrell*, for appellees.